IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:09-CR-100-D
No. 4:12-CV-261-D

| | |
|---|---|
| MARVETTE ONTRION NEWTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

On August 24, 2015, Marvette Ontrion Newton ("Newton") filed a Rule 60(b)(4) motion for relief from judgment from this court's order of June 25, 2013, which dismissed Newton's section 2255 motion concerning his career-offender status and 192-month sentence for conspiring to distribute and possess with intent to distribute 50 grams or more of cocaine base (crack) and a quantity of cocaine. See [D.E. 66]; Fed. R. Civ. P. 60(b)(4) (permitting a court to grant relief from judgment where "the judgment is void"). Newton contends that, in light of Johnson v. United States, 135 S. Ct. 2551 (2015), Newbold v. United States, 791 F.3d 455 (4th Cir. 2015), Miller v. United States, 735 F.3d 141 (4th Cir. 2013), and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), he was improperly sentenced as a career offender and that the court has discretion to provide relief under Rule 60(b)(4) and 28 U.S.C. § 2255. See [D.E. 66] 1–4.

On June 25, 2013, the court dismissed Newton's section 2255 motion concerning his career-offender status as untimely. See [D.E. 61] 2. Alternatively, the court held that Newton's challenge was not cognizable under section 2255. See id. Alternatively, the court held that the appellate waiver in Newton's plea agreement barred his claim. See id. 2–4.

Before filing a second or successive application for habeas relief in the district court, an applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see id. § 2255(h); Magwood v. Patterson, 561 U.S. 320, 330–31 (2010). Unless the Fourth Circuit authorizes review, this court cannot review Newton's Rule 60(b)(4) motion concerning the court's denial of his section 2255 motion. See 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152–53 (2007) (per curiam); United States v. MacDonald, 641 F.3d 596, 603–04 (4th Cir. 2011); In re Williams, 364 F.3d 235, 238 (4th Cir. 2004); United States v. Winestock, 340 F.3d 200, 205–07 (4th Cir. 2003). Newton failed to obtain authorization from the Fourth Circuit. Thus, this court lacks jurisdiction to consider his motion. See Winestock, 340 F.3d at 205–07.

In sum, the court DISMISSES Newton's motion for relief from judgment [D.E. 66] and DENIES a certificate of appealability. See, e.g., 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Winestock, 340 F.3d at 206–07.

SO ORDERED. This **23** day of June 2016.

JAMES C. DEVER III
Chief United States District Judge

2